

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2006

# USA v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4676

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Thomas" (2006). *2006 Decisions.* Paper 1199.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1199

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-169                                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4676

UNITED STATES OF AMERICA
v.
FRANKIE THOMAS,

Appellant

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 96-cr-00297)
District Judge: Honorable Sylvia H. Rambo

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 23, 2006

Before: RENDELL, AMBRO and BECKER, Circuit Judges

(Filed: April 28, 2006)

OPINION

PER CURIAM

Frankie Thomas, a federal prisoner, appeals pro se from an order of the District

Court for the Middle District of Pennsylvania dismissing his habeas corpus petition.  In

1997, a jury convicted Thomas of armed bank robbery and carrying a firearm in relation

to a crime of violence, and Thomas was sentenced to a total of 322 months'

imprisonment. We affirmed Thomas's convictions and sentence on appeal. <u>See</u> <u>United States v. Thomas</u>, No. 97-7387 (judgment entered March 13, 1998). Thomas's first motion to vacate sentence under 28 U.S.C. § 2255 was filed in September 1998 and was denied by the District Court. We declined to issue Thomas a certificate of appealability. <u>See</u> <u>United States v. Thomas</u>, No. 99-3050 (order entered August 12, 1999). Thomas subsequently filed a series of applications under 28 U.S.C. § 2244 seeking our authorization to file a second or successive § 2255 motion, each of which was denied.

In his current habeas petition, filed pursuant to 28 U.S.C. § 2241, Thomas argues that his sentence violates his Fifth and Sixth Amendment rights because he did not concede and a jury did not determine that his prior state convictions qualified as a basis for enhancement under the sentencing guidelines. Thomas also argues that counsel was ineffective for failing to object to the sentence enhancements and because he "wasted" Thomas's appeal rights by only contesting the testimony of one witness, which he had failed to object to during trial. The District Court dismissed Thomas's petition for lack of jurisdiction, rejecting Thomas's contention that § 2255 was an "inadequate or ineffective" means by which to raise his claims.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. After a careful review of the record, we conclude that Thomas's appeal must be dismissed. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i).

Section 2255 is the presumptive means for a federal prisoner to challenge his sentence or conviction. <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974). A habeas

petitioner can seek relief under 28 U.S.C. § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of [the] detention." See 28 U.S.C. § 2255 ¶ 5. As noted by the District Court, § 2255 is not inadequate or ineffective merely because Thomas cannot meet the AEDPA's stringent gatekeeping requirements. See Dist. Ct. Op. at 2; Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, § 2255 is inadequate or ineffective only where the petitioner demonstrates a limitation in the scope or procedure offered by § 2255 which would prevent him from having a full hearing and adjudication of his claim. See Cradle, 290 F.3d at 538. Thomas has not demonstrated such a limitation in § 2255's scope or procedure. Thomas's petition raises no claims which could not have been raised in a motion pursuant to § 2255. In fact, Thomas's proposed claims are similar, if not identical, to claims he attempted to raise in his § 2244 applications. Thomas cannot use § 2241 as an alternative means of presenting these claims in the District Court.

Section 1915(e)(2)(B)(i) instructs us to dismiss any appeal brought in forma pauperis if, inter alia, it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319 (1989). Because the District Court's judgment was clearly correct, Thomas had no arguable legal basis upon which to appeal. Accordingly, Thomas's appeal will be dismissed under § 1915(e)(2)(B). Appellant's motion for the appointment of counsel is DENIED.